UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-62-GWU

MICHAEL STIDHAM,                                             PLAINTIFF,

VS.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 59(e), Michael Stidham moves the court to alter or amend its judgment of November 26, 2008 affirming the Commissioner's decision to deny him Disability Insurance Benefits.

### APPLICABLE LAW

The undersigned hereby incorporates by reference the Applicable Law section of the November, 2008 Memorandum Opinion.

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Stidham, a 52-year-old former coal miner with a high school equivalent education, suffered from impairments related to chronic obstructive pulmonary disease secondary to nicotine abuse, mid and low back pain secondary to degenerative disc disease with a T10-T11 herniated nucleus pulposus, a major depressive disorder, possible post-

1

traumatic stress disorder, polysubstance abuse and osteoarthritis.  (Tr. 20, 28).
While the plaintiff was found to be unable to return to his past relevant work, the
ALJ determined that he retained the residual functional capacity to perform a
restricted range of light level work.  (Tr. 26, 28).  Since the available work was found
to constitute a significant number of jobs in the national economy, the plaintiff could
not be considered totally disabled.  (Tr. 29-30).

Stidham argues that the court erred in upholding the administrative decision
that he retained the residual functional capacity to perform a restricted range of light
level.  The plaintiff asserts that this finding is in error because the vocational expert
testified that he would be precluded from performing his past relevant work.  The
undersigned notes that at this point, the claimant made out a prima facie case which
shifted the burden of coming forward with evidence to the Commissioner.  Lashley
v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).
However, the witness also identified a significant number of other jobs which could
still be performed.  (Tr. 659).  This testimony met the Commissioner's burden of
proving that a significant number of other jobs could be performed under Garner v.
Heckler, 745 F.2d 373, 387 (6th Cir. 1985) and, so, a finding of disabled status was
not required.

Stidham asserts that the vocational expert's testimony supported his disability
claim because the expert testified that if the plaintiff's pain level was as severe as
asserted, he would not be able to work and one would not be able to work if

2

required to lie down during the day.  However, the court found in its prior opinion in this action that the residual functional capacity finding made by the ALJ fairly characterized the claimant's mental and physical condition.  Memorandum Opinion, Docket Entry No. 9, p. 8-10.  The plaintiff has presented no new evidence to dispute this finding.  Therefore, the undersigned must reject this argument.

Stidham argues that the ALJ erred by failing to give controlling weight to the opinion of his treating sources at the Veteran's Administration Medical Center (VAMC).  However, as noted in the prior opinion, Dr. Thad Jackson was a treating physician at the VAMC who only restricted the plaintiff from lifting over 30 pounds. (Tr. 384).  The ALJ's findings in this action were consistent with this opinion of a treating source at the VAMC.  The claimant cites no other treating sources who offered a different opinion on this motion.  Therefore, the court must reject the plaintiff's argument.

Stidham also asserts that the job numbers identified by the vocational expert were not sufficient to constitute a significant number of jobs.  However, the expert cited such positions as light bench assembly worker with 512,000 national and 9,000 statewide jobs and sedentary bench assembly worker with 67,000 national and 1,200 statewide jobs.  (Tr. 659).  These 579,000 national and 10,200 statewide positions are far more than the 759 to 1,000 jobs found insufficient by the court in Graves v. Secretary of Health and Human Services, 473 F.2d 807 (6th Cir. 1973),

3

08-62  Michael Stidham

the opinion cited by the claimant.  Therefore, the undersigned must reject Stidham's argument.

Finally, Stidham argues that the ALJ erred in evaluating his pain complaints.  However, this argument was previously offered and rejected by the court in the prior opinion.  Memorandum Opinion, Docket Entry No. 9, p. 11-12.  The plaintiff has not presented any new evidence concerning this point.  Therefore, the court must reject the claimant's assertion.

Accordingly, the motion to alter or amend judgment is DENIED.

This the 10th day of December, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge

4